IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **ROBERT DE'ANTHONY KNIGHT,** | ) | Case No. 17-42821-drd-7 |
| Debtor. | ) | |
| _____ | ) | |
| **STATE OF KANSAS, ex rel.,** | ) | |
| **Lana Gordon, Secretary of Labor,** | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 18-4002 |
| | ) | |
| vs. | ) | |
| | ) | |
| **ROBERT DE'ANTHONY KNIGHT,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This adversary comes before the Court on the Complaint filed by plaintiff State of Kansas, *ex rel.*, Lana Gordon, Secretary of Labor ("Kansas Department of Labor" or "KDOL") against Robert De'Anthony Knight ("Defendant" or "Debtor"). The DOL argues that the entire debt owed to it by Debtor should be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and that the matter was litigated at the administrative level so Debtor is collaterally estopped from relitigating the issue. Debtor is pro se and asserts that his actions were not fraudulent because he lacked the requisite intent. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. §§ 157(b)(2)(I). This Memorandum Opinion contains my Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure as made applicable to this matter by Rule 7052 of the Federal Rules of Bankruptcy

Procedure. For all the reasons set forth below, the Court finds that collateral estoppel applies and that Debtor's debt owed to the KDOL in the amount of $6,954.20 is non-dischargeable.

## I. FACTUAL BACKGROUND

Debtor applied for unemployment insurance benefits with the KDOL for the weeks beginning October 26, 2013 through December 28, 2013. On each weekly unemployment benefit request, Debtor reported that he had no earnings for that week and that he did not work. The KDOL paid Debtor unemployment benefits for the claimed weeks in the principal amount of $3,759.00. Thereafter, the KDOL was made aware that Debtor was employed and receiving wages during the time he was drawing unemployment benefits and that he failed to report those wages as required. On April 11, 2014, per its standard procedures, the KDOL sent Debtor an Unemployment Audit for the claimed weeks that informed Debtor of the amount of benefits paid for each of the claimed weeks, the amount of earnings reported by the Debtor's employer for that period, the amount of earnings reported by Debtor, and the unemployment insurance overpayment amount of $3,759.00.

On May 8, 2014, the KDOL issued its agency determination finding that Debtor "willfully and knowingly failed to report employment and/or correct earnings while receiving unemployment benefits." The determination also found that Debtor "willfully and knowingly failed to disclose a material fact or made a false statement or representation to receive benefits not due…." A penalty pursuant to Kansas statute in the amount of $940.00 was also assessed. The agency determination also advised Debtor that he had 16 days to appeal its determination or it will become final. Debtor failed to appeal and the determination became a final order of the KDOL. Thereafter, Debtor filed a Chapter 7 bankruptcy petition on October 17, 2017. The KDOL filed this adversary proceeding on January 2, 2018, and a hearing was held on the matter on March 29,

2018.

## II.  LEGAL ANALYSIS

The KDOL has pleaded an exception to discharge claiming that the debt owed to it should be nondischargeable as it was incurred as a result of Debtor's false pretenses, false representations and/or actual fraud pursuant to § 523(a)(2)(A), and that the agency's previous determination of such should be entitled to collateral estoppel effect.

Section 523(a)(2)(A) of the Bankruptcy Code states that:

(a) A discharge under section 727, 1141, 1128(a), 1128(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
...
    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by,-

        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

To prevail under § 523(a)(2)(A) the creditor must prove the following elements:

1) that the debtor made a representation;

2) that at the time the debtor knew the representation was false;

3) that the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor;

4) that the creditor justifiably relied on such representation; and

5) that the creditor sustained the alleged loss and damage as the proximate result of the representation having been made.

*In re Maurer*, 256 B.R. 495, 500 (B.A.P. 8th Cir. 2000); *Merchants Nat'l Bank v. Moen (In re Moen)*, 238 B.R. 785, 790 (B.A.P.  8th Cir. 1999) *(citing In re Ophaug*, 827 F.2d 340 (8th Cir.

1987), *as supplemented by Field* , 516 U.S. at 71).

Preponderance of the evidence is the standard by which a case must be proven to prevail on a claim under § 523(a)(2)(A). *In re Nelson,* 357 B.R. 508, 513 (B.A.P. 8th Cir. 2006)*; see also Moen*, 238 B.R. at 791 (*citing Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). Exceptions to discharge are normally to be construed narrowly against the creditor and liberally in favor of the debtor, thus effectuating the fresh start policy of the Code. *Van Horne*, 823 F.2d at 1287. However, "[t]he Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, embodying a basic policy animating the Code of affording relief only to an 'honest but unfortunate debtor'." *Moen*, 238 B.R. at 792 (*quoting Cohen v. De La Cruz*, 523 U.S. 213,118, S.Ct. 1212, 1216, (1998)).

Although the Court is persuaded that there is sufficient evidence for it to find that the KDOL established the elements of its § 523(a)(2)(A) claim, there is no need for the Court to analyze the facts as they relate to each § 523(a)(2)(A) element individually because it agrees that the administrative decision of the KDOL is entitled to collateral estoppel effect. Under Kansas law[1], collateral estoppel may be invoked where the following is shown: (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity, and (3) the issue litigated must have been determined and necessary to support the judgment. *Huelsman v. Kansas Dep't of Revenue*, 267 Kan. 456, 458, 980 P.2d 1022, 1024 (1999). Preclusion doctrines can be applied to administrative decisions when an agency is acting in a

---

1 The law of the forum state applies when deciding if collateral estoppel is applicable. Courts look to the substantive law of the forum state in applying the collateral estoppel doctrine. .*A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc.,* 823 F.3d 448, 453 (8th Cir. 2016) (citing *In re Scarborough,* 171 F.3d 638, 641 (8th Cir.1999)). Collateral estoppel is also referred to in some cases as issue preclusion. *See In the Matter of the Application of Fleet for Relief from a Tax Grievance in Shawnee County, Kansas*, 293 Kan. 768 (2012).

judicial capacity and there were sufficient due process protections. *See Application of Fleet*, 293 Kan. at 789; *see also, e.g.*, *Bowen v. U.S.*, 570 F.2d 1311 (7th Cir. 1978); *Moore v. Allied Chemical Corp.*, 480 F. Supp. 377 (E.D. Va. 1979) (court held that plaintiff's admissions in an OSHA hearing and litigation did collaterally estop him from maintaining his later action because he had a full and fair opportunity to litigate the Administrative Judge's findings of facts ); *Kolander v. Weeks*, 916 F. Supp. 1042 (D. Or. 1996) (recipient had a full and fair opportunity to be heard before a hearing officer acting in a judicial capacity in a formal administrative proceeding, thus a preclusive effect must be given to the state agency's determination*); Barnes v. Oody*, 514 F. Supp. 23 (E.D. Tenn. 1981)(factual findings of an administrative tribunal are accorded collateral estoppel effect when the tribunal is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate).

Based on the finding that Debtor "willfully and knowingly failed to report employment and/or correct earnings while receiving unemployment benefits" and "willfully and knowingly failed to disclose a material fact or made a false statement or representation to receive benefits not due," and the claimed damages, the agency determined that Debtor's conduct met elements one, two, three and five of § 523(a)(2)[2]. Debtor admitted in his answer that he reported no earnings or employment for each of the weeks from 10/26/2013 through 12/28/2013. Thus, the first collateral estoppel element-- that a prior judgment on the merits which determined the rights and liabilities of the parties on the same issue was entered in the agency determination—is established. There is no dispute that the parties are the same-- KDOL and Debtor--which meets the second collateral

---

2 As KDOL argued at trial, element four that it justifiably relied on Debtor's false representation was shown by the testimony of the KDOL employee that the agency relies on the claimant's answers regarding employment and wages in determining eligibility for unemployment benefits.

estoppel element. Similarly, the issue litigated-- whether Debtor "willfully and knowingly failed to disclose a material fact or made a false statement or representation to receive benefits not due"-- was clearly necessary to the agency determination. Once the agency makes such determination a claimant is barred from receiving unemployment benefits for a period of five years and incurs a penalty in the amount equal to 25% of the benefits amount unlawfully received. Thus, for the KDOL to make its determination and levy penalties, it is necessary for it to find fraud on the part of the claimant.

The Court also notes that Debtor had a full and fair opportunity to litigate the issue at the administrative level. He received notification of the audit notice to his employer and the employer's report of wages but failed to respond or participate in the review process[3]. Debtor had the opportunity to supply additional evidence or statements for the KDOL examiner to consider before reaching a determination. He did not do so. He then received notice of the agency determination and that he had 14 days to appeal the decision and failed to exercise his appeal rights. For all the reasons set forth above, the Court agrees that collateral estoppel should apply to the determination made by the KDOL in the administrative procedure.

---

[3] Debtor claimed at trial that he did not receive the audit notice or the agency determination with notice of appeal rights. However, the KDOL employee testified that they were mailed to the address on file and that it is the claimant's responsibility to update his address with the KDOL. She also testified that none of the documents was returned to the KDOL as undeliverable which is evidence that they were in fact delivered to Debtor's last known address.

### III.  CONCLUSION

In summary, the Court finds that the administrative determination finding fraudulent conduct is entitled to collateral estoppel effect and that Debtor's debt owed to the KDOL is non-dischargeable under § 523(a)(2)(A) claim.  The Court also finds that the KDOL is entitled to its costs of $350.00 and its request is granted.

Dated: <u>    May 24, 2018    </u>              <u>    /s/ Dennis R. Dow    </u>

                                                            THE HONORABLE DENNIS R. DOW
                                                            UNITED STATES BANKRUPTCY JUDGE